# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARJIT SINGH,<br><br>                    Petitioner,<br><br>v.<br><br>GREG ARCHAMBEAULT; et al.,<br><br>                    Respondents. | Case No.: 3:18-cv-02186-H-NLS<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 10] |

On September 20, 2018, Petitioner Amarjit Singh, a detainee in custody of the U.S. Immigration and Customs Enforcement filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner contends that he is being detained indefinitely, in violation of Zadvydas v. Davis, 533 U.S. 678 (2001). On November 26, 2018, Respondents filed a response. (Doc. No. 7.) On December 21, 2018, Petitioner filed a reply. (Doc No. 8.) On February 1, 2019, the Court continued the case for six months and ordered Respondents to provide an update regarding Petitioner's removal status by August 1, 2019. (Doc. No. 9.) The Court concluded that Petitioner had not yet established that there was no significant likelihood of removal in the reasonably foreseeable future, and continued the case in order to monitor the status of Petitioner's removal. (Id.)

On February 15, 2019, Petitioner filed a motion for reconsideration of the Court's order continuing the case. (Doc. No. 10.) A district court has inherent jurisdiction to modify, alter, or revoke a prior order. United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"). A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). "A party seeking reconsideration must show more than a disagreement with the Court's decision." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); accord Huhmann v. FedEx Corp., No. 13-CV-00787-BAS NLS, 2015 WL 6128494, at *2 (S.D. Cal. Oct. 16, 2015).

After reviewing Petitioner's arguments, the Court concludes that his motion for reconsideration of the Court's order continuing this case should be denied. Petitioner argues that a six-month continuance of a habeas petition is too lengthy. (Doc. No. 10 at 3–4.) However, "[a] trial court has the inherent authority to control its own docket and calendar." Zhao v. Kelly, No. CV 17-777-BRO (KES), 2017 WL 1591818, at *4 (C.D. Cal. Apr. 27, 2017) (citing Landis v. N. American Co., 299 U.S. 248, 254–55 (1936)). This includes the authority to stay an action pending developments in other proceedings. See

Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Id. The Court acknowledges that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000). The Ninth Circuit permits continuances in habeas cases, but does not authorize "in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." Id. at 1120. Here, the Court concludes that limiting the continuance to six months is sufficiently definite and respects the special circumstances of habeas proceedings. See Zhao, 2017 WL 1591818, at *4 (staying § 2241 habeas case for 3 months while awaiting travel documents from Chinese government).

In his motion for reconsideration, Petitioner also asks the Court to grant his petition, reiterating the arguments made in his habeas petition. (Doc. No. 10 at 4–6.) However, a motion for reconsideration should not merely present arguments previously raised in an attempt to reargue or relitigate the Court's prior decision. See Exxon Shipping, 554 U.S. at 486 n.5 (a motion for reconsideration "may not be used to relitigate old matters"); Westlands Water Dist., 134 F. Supp. 2d at 1131 ("A reconsideration motion should not merely present arguments previously raised, or which could have been raised . . . . 'A motion for reconsideration is not a vehicle to reargue the motion . . . .'").

Accordingly, for the reasons above, the Court denies Petitioner's motion for reconsideration of the Court's February 1, 2019 order continuing the case and ordering Respondents to file a status update on or before August 1, 2019.

**IT IS SO ORDERED.**

DATED: February 20, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT